GEORGE A. SYMON, petitioner,

*v.*

EDNA C. SYMON, defendant.

[Decided February 27th, 1923.]

Where a husband establishes a proper home for his wife, and so notifies her, and she refuses for more than two years without just cause to live with him there, she is guilty of desertion.

---

On petition for divorce.

*Mr. William E. Sewell,* for the petitioner.

*Messrs. Ziegener & Lane,* for the defendant.

BENTLEY, V. C.

This suit embraces a petition by the husband on the ground of desertion and a counter-claim on the part of the wife for the same cause.

The parties were married in November, 1917, and took up their abode with the parents of the defendant wife. I have already sufficiently indicated to counsel my view on the facts of this case and retained it to inquire more fully into the obligation cast upon the husband, if any, to seek his wife's return and then to consider how his efforts measured up to that duty. I have already indicated that so far as the counter-claim is concerned the wife must be remediless, for the reason that in all good faith the petitioner desired to establish an independent home of their own, which he had a right to do, and to which home it was the defendant's duty to permit the petitioner to take her, and that consequently when she without just cause refused to follow him she, in truth, became the deserter. *Hunt* v. *Hunt, 29 N. J. Eq. 96; Purnell* v. *Purnell, 70 Atl. Rep. 187.*

Coming now to the matter referred to, I feel that the petitioner was under no obligation to make any further effort toward securing the return of his wife. I consider this case as being on all-fours with that of *Purnell* v. *Purnell, supra,* in which Vice-Chancellor Stevenson, whose opinion was adopted by the court of errors and appeals, says that he kept the matter under advisement to determine the solution of the same question that embarrassed me in the case at bar. In that case, as in this, the wife refused to go with her husband to the home he had established at Pine Brook in this state. "The young wife preferred to live in New York." In this case, it must be patent to anyone who heard the testimony that the wife declined to separate from her parents. It is very significant that she herself testified that the relations between her and her husband were all that could be desired

until a few months before their separation, and that she was unable to give any clear explanation of the causes that lay at the root of their later unhappy condition.

It seems to me that this is strongly corroborative of the petitioner's testimony, that their difficulties arose out of his desire to do what he had a perfect right to do, namely, establish an independent home, to which it was the duty of his wife to go. True, she testified that she was afraid to go with him, but I brush this flimsy excuse aside, for the reason that there was not a scintilla of proof of any violence or attempted violence upon his part; and, further, upon her own admission that there never had been any action or conduct upon his part to substantiate such a fear.

I have already indicated my reasons for the belief that the petitioner was, to all intents and purposes, expelled from the home of his father-in-law with the consent of the defendant. She, in fact, testified to having said to him, when he remonstrated that he had nowhere else to go, that he could go and live with his mother; and she further testified that she told her father to take the petitioner's house-key away from him, clearly so that he could not return.

After having thus been expelled from the home to which his wife clung, he wrote her, on March 22d, the following letter:

"NEW YORK, N. Y., March 22, 1920.

Dear Edna—

This letter is to advise you that our home at 77 McAdoo Avenue, Apartment 4, is complete and now ready for occupancy.

I hope, by giving this matter unbiased consideration, your own good judgment will recommend that you come to live, without further persuasion or argument, in the home which has been furnished for you.

With regards, I remain,

Respectfully,

GEORGE."

In the *Purnell Case,* after the wife had refused to go with her husband to his new domicile, he wrote her as follows:

"Maud Purnell—

I am willing to support you only at the home I have provided.

J. W. PURNELL."

If this cold invitation, if it may be so dignified, was sufficient to discharge the burden that the law cast upon the petitioner in that case, it seems to me that the letter written by Symon went far beyond what it was his duty to do.

In the case of *Hall* v. *Hall, 60 N. J. Eq. 469,* the opinion of the present chief-justice will be found to definitely lay down the rule in this behalf and is the criterion adopted by Vice-Chancellor Stevenson in the *Purnell Case.*

Had the petitioner been guilty of any marital misconduct, or if his conduct not amounting thereto still was responsible for the wife separating herself from him, then his duty to have won her back might have required more robust efforts, but in the light of the proofs I feel that she being the wrongdoer he fulfilled his obligations and duty when he established a proper home and notified her of his desire to have her with him.

I will advise a decree for divorce in the suit of the husband.